IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

| | | |
|---|---|---|
| KEVIN HELFRICH, individually and on behalf of similarly situated individuals | § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:21-cv-00111 |
| Plaintiff, | | |
| v. | | JURY TRIAL DEMANDED |
| FUELCO ENERGY LLC, | | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | | |

**COLLECTIVE ACTION COMPLAINT**

1. Fuelco Energy, LLC ("Fuelco") failed to pay Kevin Helfrich ("Helfrich"), and other workers like him, overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Fuelco did not pay Helfrich and other Fuel Techs for travel time when they drove the company's pickup trucks to and from Fuelco's location and the worksites each day.

3. Plaintiff, Kevin Helfrich ("Plaintiff"), and on behalf of all others similarly situated as collective representatives, by their attorney, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

SUMMARY

4. Defendant, Fuelco Energy LLC, "is a finished fuel and refined product wholesale and retail marketer and transportation provider for the oil and gas service industry." https://fuelcoenergy.com

1

5. Although Helfrich and other Fuel Techs regularly work more than forty (40) hours in a workweek, Fuelco does not pay them overtime for drive time between the company's base to the worksites to service it's customers.

6. Fuelco's policy of failing to count the time Helfrich and FLSA Collective Members spent driving between the yard[1] and the job sites each day as compensable time resulted in unpaid overtime pay and violates the Fair Labor Standards Act ("FLSA").

7. This Collective Action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

8. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Fuelco conducts substantial business in this District, sending Plaintiff and FLSA Collective members to perform work in this District while subjecting them to Fuelco's improper and illegal payroll practices.

## PARTIES

10. Plaintiff Kevin Helfrich ("Helfrich") was employed by Fuelco as an hourly employee. Helfrich is domiciled in Texas and performed work out of Fuelco's yard in Midland, Texas facility as a Fuel Tech.

---

[1] The "Yard" means **Fuelco's Midland facility at 9701 West County Road154, Midland TX, 79706**

11. Plaintiff Helfrich's written consent to this action is attached. (Exhibit "A").

12. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13. Helfrich brings this action on behalf of similarly situated individuals who were employed by Fuelco as Fuel Tech's ("FLSA Collective Members") at their facility at 9701 West County Road *154,* Midland TX*,* 79706 ("the *Yard*") at any time from the three-year period before this lawsuit until the present. This lawsuit covers only the individuals employed by Fuelco as Fuel Techs at this location during the 3-year time period to present.

14. Defendant Fuelco Energy LLC is a Texas for-profit limited liability company having a registered agent for service of process of CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### COVERAGE UNDER THE FLSA

15. During the three-year period before this lawsuit until today, Fuelco is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

16. Fuelco has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

17. Fuelco has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

18. Fuelco's Fuel Techs (FLSA Collective Members) routinely use hard hats, booths, gloves, goggles, uniforms, wrenches, and other tools in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce. The fuel that the Fuel Techs use at the rig sites were produced for or traveled in interstate commerce from other state.

19. At all times hereinafter mentioned, Helfrich and the *FLSA Collective Members* were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

20. As will be shown through this litigation, Fuelco uniformly dictated the pay practices of Helfrich and the FLSA Collective Members.

## FACTS

21. Fuelco Energy LLC is a finished fuel and refined product wholesale and retail marketer and transportation provider for the oil and gas service industry. Fuelco provides on-site fuel supply to all rig-site equipment including drilling rigs, generators, and trucks across North America.[2]

---

[2] https://fuelcoenergy.com/services/ (last visited January 31, 2021).

4

22. For purposes of this action, the "relevant time period" is defined as such period commencing on the date that is three-years prior to the filing of this action and continuing thereafter.

23. During the relevant time period, Fuelco employed dozens of individuals – including Helfrich – as Fuel Techs at their Midland facility at 9701 West County Road *154,* Midland TX*,* 79706.

24. Fuelco employs Fuel Techs to carry out Fuelco's day-to-day refueling work at their client's remote rig sites.

25. Fuelco paid Helfrich and FLSA Collective Members on an hourly rate basis during the relevant time period.

26. Fuelco only counted the hours Helfrich and FLSA Collective Members worked at their designated job sites as compensable hours.

27. The job sites were rig sites operated by Fuelco's customers.

28. The Yard was often over an hour drive from the job sites.

29. Fuelco required Helfrich and FLSA Collective Members to report to the Yard every workday.

30. Once they reported to the Yard, Fuelco would give them their job assignments before the would get in a Fuelco pickup truck and drive to the job site.

31. Fuelco required Helfrich and the FLSA Collective Members to drive from the Yard to their assigned job sites in time to participate in the safety meetings.

32. Fuelco only counted the hours Helfrich and the FLSA Collective Members for the hours they worked at the job site but did not include any drive time between the Yard and the job site. Helfrich worked 13 hour shifts five to seven days at a time.

33. Due to the distant location of the job sites that Fuelco services, these daily drives to the oil rigs can take anywhere from one to two hours each direction.

34. Once Helfrich and other FLSA Collective Members arrived at the job site, the 13-hour shift started.

35. When their shifts are over, Helfrich and FLSA Collective Members were required to drive the company pickup trucks back to the company base before they are able to go home for the day.

36. Fuelco does not pay Plaintiff or any of the FLSA Collective Members the drive time when they traveled back and forth from the Yard to the job sites.

37. For example, in the week of August 23, 2020, Helfrich worked over one hundred (100) hours and was not paid overtime for the time spent traveling to and from the Yard. Helfrich would report each day to the Yard to get his assignment and get in the company truck. Helfrich or his partner another Fuel Tech would drive the company truck for at least an hour from the Yard to the day's job site. When they arrive at the job site Helfrich and his partner would work 13-hour shifts monitoring fuel levels of various rig-site equipment and refueling them. After their shift, one of the Fuel Tech would drove over an hour back to the Yard.

38. Fuelco did not pay for the driver for the drive time. This lawsuit does not seek to recover any time Helfrich or a FLSA Collective member spent as passenger when driven between the Yard and the worksite.

39. As a result, Fuelco did not pay Helfrich and the FLSA Collective Members overtime for the hours they drove between the Yard and the job site.

40. As a result, Helfrich and the other FLSA Collective Members worked over 40 hours a week at the job site.

41. Fuelco requires the FLSA Collective Members like Helfrich to drive light pickup trucks (like Ford F250s and Ram 1500s) from the Yard to rig sites operated by the company's customers.

42. All the trucks that Helfrich and the FLSA Collective Members drove the Relevant Time Period had a GVWR of 10,000 pounds or less.

43. Helfrich did not and was not expected to drive any vehicles that had a GVWR of over 10,000 pounds across state lines. Like Helfrich, the other FLSA Collective Members employed at the Fuelco base in Midland did not and were not expected to drive vehicles that had a GVWR of over 10,000 pounds across state lines.

44. In each of the past three (3) years, Fuelco's gross revenue has exceeded $500,000.00.

45. While the precise job duties of the FLSA Collective Members may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

46. All FLSA Collective Members are entitled to overtime pay in the weeks they worked over 40 hours a week.

47. Fuelco knew that Helfrich and the FLSA Collective Members work more than forty (40) hours in a workweek. Fuelco knows their FLSA Collective Members are not exempt from the overtime provisions of the FLSA.

48. Nonetheless, Fuelco did not count the drive time of Helfrich and the FLSA Collective Members in the weeks they worked in excess of forty (40) in a workweek.

49. At all times relevant to this case, Fuelco knew that for each 12–13-hour shift, Helfrich and the FLSA Collective Members worked, they had to drive 1-2 hours each way between the Yard and their remote work sites each day.

50. Helfrich and the FLSA Collective Members' drive time between the Yard and their work sites benefitted Fuelco.

51. However, Fuelco refused to pay Helfrich or the FLSA Collective Members for their time spent driving back and forth between the Yard and their assigned work sites each workday.

52. At all times relevant to this action, Fuelco has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

## CAUSE OF ACTION - VIOLATION OF THE FLSA

53. By failing to pay Helfrich and the FLSA Collective Members overtime at one and one-half times their regular rates for all hours they worked in excess of 40 hours in a single workweek, Fuelco violated the FLSA's overtime provisions.

54. Fuelco owes Helfrich and the FLSA Collective Members the overtime hours in the weeks they worked over 40 hours on the job site but were not paid for the travel back and forth from the Yard to their assigned job sites.

55. Because Fuelco knew, should have known, or has shown reckless disregard for whether its pay practices violated the FLSA, Fuelco owes these wages for at least the past three-years.

56. Fuelco's failure to pay overtime to Helfrich and the FLSA Collective Members was not reasonable, nor was the decision made in good faith.

57. Helfrich and the FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action, as provided by the FLSA.

## COLLECTIVE ALLEGATIONS

58. Helfrich brings this claim under Section 216(b) of the FLSA as a collective action on behalf of himself and all other similarly situated workers who worked for Fuelco during the relevant period.

> The "FLSA Collective Members" are all current and former Fuel Techs working for, or on behalf of, Fuelco Energy LLC at their Midland location who were paid on an hourly rate but were not paid for drive time between the company yard and job sites during any week where they worked over 40 hours a week. The time period covered by this lawsuit are the three-years from the date of this lawsuit until the present.

59. The same policy that caused Helfrich to be denied his overtime pay resulted in Fuelco's other Fuel Techs to also be denied their overtime pay.

60. While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

61. Nor do any differences in job duties matter for determining whether Fuelco's policy of not paying FLSA Collective Members overtime is legal.

62. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

63. Because Fuelco uniformly failed to pay overtime to Plaintiff and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

64. Upon information and belief, Fuelco employed numerous Fuel Techs like Helfrich at their Yard in Midland during the past three (3) years.

65. Nearly all the questions related to Plaintiff and the FLSA Collective can be answered on a collective basis.

66. Fuelco's practice of refusing to count the time Helfrich and the FLSA Collective Members drove between the Yard and the job sites of the as compensable time in the in the weeks they worked over 40 hours a week are based on established companywide policies.

67. The hours Helfrich and the FLSA Collective Members worked at the job sites are reflected in Fuelco's records, shift assignments, and attendance records.

68. The unaccounted-for travel can be determined by looking at the daily work assignment containing the customer's name, the address, and time each Fuel Tech is required to report to work their shift.

69. The unaccounted travel time back from the job site to the Fuelco Yard can be ascertained by looking at Fuelco's records of when each shift for the FLSA

Collective Members ended and they would have to return the work truck back to the Yard.

70. The distance that Fuelco required Helfrich and other FLSA Collective Members to drive back and forth from the Fuelco's business in Midland and the job sites every workday can be ascertained by looking at the address of the job site they were assigned to work at each day. By plotting the addresses of the job site and the Fuelco's location in Midland in the Google or Waze map platform commonly used by the FLSA Collective Members, an approximation of the distance and drive time between the two locations can be ascertained. Fuelco's daily billing records with their customers will show Helfrich and the FLSA Collective Members attendant at the safety meeting at the beginning of each shift, the fuel they dispensed through their shift, and the completion of their shift each day before they clock out and drive back to the Yard.

71. For the purposes of an FLSA overtime claim, the FLSA Collective Members performed substantially similar job duties related to servicing energy operations.

72. All of the FLSA Collective Members perform the same or similar job duties and are subject to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

73. The FLSA Collective Members also worked similar hours and were denied overtime at the proper rate for all hours worked in excess of 40 hours in a single workweek as a result of Fuelco's same illegal pay practice.

74. Fuelco knew Helfrich and the FLSA Collective Members worked more than 40 hours in a week.

75. Indeed, Fuelco required Helfrich and the FLSA Collective Members to work substantial overtime without overtime compensation at the proper rate for all hours they worked in excess of 40 hours in a single workweek.

76. Fuelco's policy of failing to pay their Fuel Techs, including Helfrich, overtime at a rate of one and one-half their regular rates for all hours worked in excess of 40 hours in a single workweek violates the FLSA.

77. Fuelco is well aware of the overtime requirements of the FLSA because they have been sued for overtime violation no less than three times in recent years.

78. Fuelco knew or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA.

79. The most important questions presented in this case can be resolved on a collective-wide basis.

80. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Fuelco will retain the proceeds of its violations of the FLSA.

81. Furthermore, individual litigation would be unduly burdensome to the judicial system.

82. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the collective and provide for judicial consistency.

**PRAYER**

**WHEREFORE**, Kevin Helfrich prays for relief as follows:

83. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

84. Judgment against Fuelco Energy LLC, awarding Plaintiff and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

85. Pre- and post-judgment interest at the highest rate allowable by law; and

86. All such other and further relief to which Plaintiff and the other FLSA Collective may show themselves to be justly entitled.

Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Phone: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, individually and on behalf of similarly situated individuals**